## NEW YORK SUPERIOR COURT.

WENTWORTH S. BUTLER agt. EDWARD R. McILVAINE.

A motion to discharge an *order of arrest*, will be denied, where a material question of fact only, upon which the arrest is founded, is *controverted* by the affidavits of the respective parties. The court will not try such a question upon affidavits.

*Special Term August* 18, 1866.

THIS was a motion to vacate an order of arrest. The plaintiff commenced the action to recover $1,200, the value of certain stocks which he alleged he left with the defendant for safe keeping, under an agreement on the part of the defendant, that he would return them when the plaintiff called for them ; that the plaintiff demanded the stocks and the defendant refused to return them. The defendant moved to vacate the order of arrest, and in his moving affidavits, denied the whole cause of action, and controverted all the facts sworn to on the part of the plaintiff.

ROBERT SEWELL, *for motion,* argued the following points :

I. The original affidavit upon which the order of arrest was granted, did not state that the plaintiff was entitled to the immediate possession of the stock.   (2 *Selwin's N. P.* 1385 *and cases*; 12 *Johns.* 403.)

II. It charges the conversion of the stock on information and belief, and that no cause of action was proved by all the affidavits.  ·(10 *Barb.* 78; 5 *How.* .143; 11 *How.* 254; 21 *How.* 112; 12 *Abb.* 265; 9 *How.* 474; 5 *Duer,* 634.)

IRA D. WARREN, *in opposition to the motion,* argued ;

I. That the facts constituting the cause of action and the facts authorizing the arrest being identical, the court would not set aside the order of arrest, unless the defendant made out such a case as would call on the judge presiding at the trial to either nonsuit the plaintiff or direct a verdict for the defendant.   That if, on the affidavits, there was a disputed question of fact, which a judge presiding at the trial of the case would be bound to submit to the jury, the motion should be denied. (*Levins* agt. *Noble,* 15 *Abb.* 475 ; *Frost* agt. *McCarger,* 14 *How.* 131 ; *Barnet* agt. *Gracie,* 34 *Barb.* 20 ; 6 *Abb.* 319, *note ;* 5 *Duer,* 634; 4 *Bosw.* 619.)

·  II. That on the facts of the case, the weight of evidence was in favor of the plaintiff, and the motion should therefore be denied.

ROBERTSON, C. J.   This is a motion to discharge an order of arrest.   The action is for the conversion of certain choses in action (Smith & Parmellee Gold Mining Company, and Benton Gold Mining Company Stock).   The affidavit of the plaintiff on which such order was made, is positive, as to the *leaving* of such choses in action with the defendant, on an agreement to "*return*" them, and a demand and refusal to do so.   It also alleges a sale on information and belief.   The defendant's affidavit, on which he now moves, denies any dealings with the plaintiff, and alleges that he received simi-

St. James Church agt. The Church of the Redeemer.

lar choses in action from a brother of the plaintiff (J. W. Butler), which he lawfully sold and accounted to him for the proceeds. Such affidavit is contradicted by the affidavit of such brother of the plaintiff, who states that the defendant knew the stock sold by him belonged to such plaintiff.

The receipt and sale of such choses in action by the defendant is admitted, the only controversy is as to whom they belonged, which properly will come in question on the trial. Were it permissible to try such question by affidavit, the testimony of the disinterested witness for the plaintiff must have more weight than that of the defendant.

The motion must be denied with ten dollars costs.